Civilian pay; reduction in force; Whitten Rider. — Plaintiff, a former classified civilian employee of the Department of Labor entitled to veterans’ preference, sued to recover salary lost because of his separation pursuant to a reduction-in-force action which plaintiff alleged was illegal in that certain promotions of other personnel purportedly made prior to the passage of the Whitten Rider (64 Stat. 1044,1066) were actually made subsequent thereto, and that plaintiff’s retention rights were therefore superior to such personnel. On July 12, 1957, the court rendered an opinion and issued an order denying plaintiff’s motion for summary judgment, granting defendant’s motion for summary judgment and dismissing the petition. On January 17, 1958, an order was issued granting plaintiff’s motion for rehearing, vacating and withdrawing the opinion and order of July 12, 1957, and denying motions by both parties for summary judgment. Following a hearing and a report of Trial Commissioner Robert K. McConnaughey, filed on October 17,1960, the parties filed a stipulation on June 8, 1961. On June 16, 1961, the following order was entered:
ORDER
This case comes before the court on a stipulation of the. parties filed June 8, 1961, signed on behalf of the plaintiff and the defendant by the respective attorneys of record, in which it is stated that a written offer submitted by the plaintiff January 5,1961, to the Attorney General was duly accepted by the Attorney General on April 28, 1961, whereby the plaintiff and the defendant agreed that judgment be entered in favor of plaintiff in the amount of $48,944.48, of which the sum of $5,188.92 will be credited to plaintiff in the Civil Service Retirement and Disability Fund, the sum of $455.13 will be credited to plaintiff in the Employees’ Life Insurance Fund, and the balance of $43,300.43 will be paid to plaintiff, with plaintiff’s position deemed to be amended to conform to the foregoing amounts. Said stipulation further provides that plaintiff abandons all of his claims of every kind and nature touching any and all matters involved in this case as set forth in the petition, including but not limited to reemployment rights and a con- *864 tinning claim, and agrees to accept said amount in full, complete, 'and final settlement of this action, and defendant consents to the entry of judgment in said amount.
Now, therefore, it is ordered this sixteenth day of June, 1961, that judgment be and the same is entered for the plaintiff in the sum of forty-eight thousand nine hundred forty-four dollars and forty-eight cents. ($48,-944.48) of which five thousand one hundred eighty-eigh't dollars and ninety-two cents ($5,188.92) shall be credited to plaintiff in the Civil Service Retirement and Disability Fund, the sum of four hundred fifty-five dollars and thirteen cents ($455.18) shall be credited to plaintiff in the Employees’ Life Insurance Fund.
By the Court.
MarviN JoNes,

Chief Judge.